## FRANK G. HOLMES v. ANGELINA GOOSSEN.

CHANCERY APPEAL—DISMISSAL OF BECAUSE CASE NOT MADE AND FILED WITHIN THE STATUTORY FOUR MONTHS.

Motion by complainant to dismiss the appeal of the defendant because the case was not made and filed until after the expiration of the four months allowed by Act No. 186, Laws of 1895. Granted December 4, 1896.

*Frank G. Holmes,* for motion, contended:

1. That the extension of time for settling a case was taken under Act No. 186, Laws of 1895, which, after providing for the examination of the witnesses in a chancery suit in open court, and for the making and settling of a case, further provides that the court in which the case shall have been tried or the judge thereof shall have power, on special motion and proper showing, to grant an extension of the time for making and filing the case provided for in said act (60 days) for a period not exceeding four months, from and after the date of the entry of such decree or final order; and upon the case so made and filed as herein authorized an appeal may be taken to the Supreme Court by any of the parties to such suit, as in ordinary chancery cases.

2. That the provision cited was not complied with by the defendant, the case not being filed within the statutory four months.

*M. H. Walker, contra,* contended:

1. That the application under Act No. 186, Laws of 1895, for an extension of time to settle a case can be made after the 60 days from the date of entering the decree have expired; citing *Tilden v. Circuit Judge,* 44 Mich. 515; *Railway Co. v. Chambers,* 89 Id. 7.

2. That it seems to be the settled practice of this Court to grant an extension of time for the settling of the case, even beyond the statutory period or limit, where a failure to settle it within the time has resulted from causes not within the control of the appellant, such as the failure of the stenographer to furnish a copy of the testimony, etc.; citing *Cameron v. Calkins,* 43 Mich. 191; *Gram v. Wasey,* 45 Id. 223; *Railway Co. v. Chambers,* 89 Id. 7; that in the latter case the Court clearly intimate that the trial court has the power, and that under such circumstances it would be its duty, to grant an extension beyond the statutory period; that, however this may be, the judge of the superior court had

power, upon application and showing, to extend the time at least four months from the date of the decree; that he exercised such power, and granted an extension of four months from May 26, 1896, the date of entry of decree.

3. That the 40 days in which to file a bond and perfect the appeal does not begin to run until the case has been settled and filed; citing *Gale v. Gould*, 40 Mich. 62; *Love v. Francis*, 63 Id. 189; that the claim and notice of appeal were filed June 30, 1896; that the bond on appeal was filed the same day; that on August 20, 1896, said bond was approved, after due notice of the filing thereof, and of application for such approval having been given, as appears by complainant's own affidavit; that all of this was done before the four months for settling and filing the case had expired, to say nothing of the 40 days additional; that this was a compliance with the proviso in the order granting the extension that "an approved bond be filed on or before 10 days from the date of said order;" that said order bore date August 12, 1896; that the trial judge approved the appeal bond August 20, 1896, which was within the 10 days specified in the order; that on September 15, 1896, the trial judge settled and signed the proposed case and testimony; that there were still 40 days in which to have filed a claim of appeal and approved bond, but no further steps were deemed necessary by the solicitor for the appellant, nor was any question raised by complainant or his solicitors until after the 40 days had expired, hence nothing further was done; that said 40 days expired not earlier than October 25, 1896, and soon afterwards this motion was made; that in the meantime the appellant had caused the record to be printed and the return on the appeal made and filed in the Supreme Court, and is preparing the case for hearing at the January, 1897, term of Court; that there is no pretense that the bondsmen are insufficient, or that the complainant has been in any wise prejudiced by the action of the appellant, or her failure to act.

The facts as shown by the record and the affidavits filed in support of and in opposition to the motion, so far as pertinent to the point passed upon by the Court, were:

*a*—That on May 23, 1896, a final decree was entered in favor of the complainant.

*b*—That on August 12, 1896, the court made an order giving the defendant 120 days from the date of entry of decree to settle a case.

*c*—That the case was not settled and filed within the time allowed in said order, and was not filed until more than five months after the entry of the decree.

[There are other facts and points in the case bearing upon the alleged failure of the appellant to perfect her appeal by filing the required bond, the one filed being defective, as claimed by the appellee. In the files in the Supreme Court is a letter written by the solicitor for the defendant to Chief Justice Long asking "upon what precise ground the appeal was dismissed, and in what particular respect the proceedings to appeal were deemed to be fatally defective." The following indorsement appears at the foot of the letter: "Case not made and filed within the four months in accordance with Laws of 1895, p. 348, Act No. 186." EDITOR.]